**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PHILLIP MARK SHAFER | : | |
| Petitioner | : | |
| v | : | Civil Action No. PJM-07-2088 |
| STATE OF MARYLAND | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned Petition for Writ of Mandamus, filed on August 6, 2007, seeks this Court's intervention on Petitioner's behalf to obtain state post-conviction transcripts from the Circuit Court for Washington County or the Office of the Public Defender. Paper No. 1. For the reasons that follow, the Petition must be dismissed.

Petitioner asserts that he has requested copies of transcripts of post-conviction hearings held on January 8, 2007, March 22, 2007, and July 12, 2007. *Id*. He also claims that he has been refused representation by the public defender's office. He seeks intervention on his behalf by this Court as well as a temporary restraining order to be "imposed against officials in Washington County, specifically from the States Attorney's Office, Court Personnel, and employees from the Maryland State Public Defenders Office." *Id*.

A writ of mandamus is an extraordinary writ is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). To the extent the instant action seeks mandamus relief as to Maryland state employees, this Court does not have jurisdiction over state employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). To the extent Petitioner is seeking intervention on his behalf requiring the state court to provide a transcript free of charge, this

Court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain a motion. *Id. See also* 28 U.S.C. § 1361.  Furthermore, mandamus relief is unavailable where a state remedy is available, because a matter of comity, this Court will not intervene in a matter that the state courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

      The Petition seeks relief which is unavailable in this Court.  Therefore, it must be dismissed by separate order which follows.

August 23, 2007

                                                  /s/
                              PETER J. MESSITTE
                      UNITED STATES DISTRICT JUDGE